

NUMBER 13-17-00569-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

YURISDANYER GARCIA-SANCHEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

## On appeal from the 299th District Court
## of Travis County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Yurisdanyer Garcia-Sanchez appeals his conviction of tampering with or fabricating physical evidence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West, Westlaw through 2017 1st C.S.). Garcia-Sanchez argues on appeal that the evidence is legally insufficient to support his conviction. We affirm.

# I. BACKGROUND[1]

On June 2, 2016, Officer Willis Rounds was called to assist Officer John Gabrielson with traffic control in relation to a stalled vehicle. After the disabled vehicle was towed away, Rounds began to remove the safety cones from the street. Rounds noticed that two of the cones were stuck together. He pulled the safety cones apart and a handgun fell out. He called over his corporal and Gabrielson. He was instructed by his corporal to give the gun to Gabrielson, because the safety cones containing the gun had come from Gabrielson's car. Gabrielson drove back to the substation and reported the discovery of the gun to Detective Russ Bolan. Bolan obtained the unit number of that particular patrol car and discovered that it was an SUV with a camera that monitors the backseat. Detective Bolan watched the videos from that patrol car, moving backward in time from the discovery of the gun, until he saw Garcia-Sanchez in the backseat, hiding a gun between two safety cones on May 30, 2016, three days before Officer Rounds saw the gun fall out of the cones. Bolan testified,

> So when I watched the video, I noticed first the officer had handcuffed the prisoner behind his back, and he—kind of like a backwards jump rope took his hands around to the front of his body where he had now more freedom to move his hand. And it looked like he was wearing some very slim-fitted jeans or skinny jeans, and the gun had fallen from wherever it was into his pant leg. And then in the video you see him with his hands handcuffed push the gun up from the knee area of his pants and kind of work it up his thigh into his waistband and then—I mean, there you can obviously see the gun.

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

Bolan further testified that even though the cones were shuffled around over the next few days, he did not see anyone in the video recordings put anything in the cones other than Garcia-Sanchez.

The State presented evidence regarding the circumstances under which Garcia-Sanchez was placed in that patrol car on May 30, 2016. Officer Dustin Hammit was using that same patrol car during his shift that night when he assisted another officer in taking Garcia-Sanchez into custody, at gunpoint, in connection with a disturbance at "an apartment/hotel." Officer Hammit put Garcia-Sanchez in handcuffs, with his hands behind his back. Hammit frisked him twice but did not find any weapons. Officer Hammit then placed Garcia-Sanchez in the back of the patrol car. At one point after placing Garcia-Sanchez in the back of the patrol car, Hammit noticed that Garcia-Sanchez's handcuffed hands were in front of his body, not behind his back.

At the time of Garcia-Sanchez's detention, there was an ongoing investigation in which the police were looking for a handgun. Officers looked all around the building and inside of a hotel room, but no gun was found. Officer Hammit admitted that he was distracted when performing both frisks and that the frisks he conducted were not sufficiently thorough. Officer Hammit's supervisors later concluded that he was overwhelmed by everything that was going on at the scene of the disturbance and that he made a mistake by not frisking Garcia-Sanchez more thoroughly.

Garcia-Sanchez was charged with tampering with physical evidence and on July 12, 2017, jury trial on the merits commenced. The jury found him guilty, and the trial court assessed punishment at four years in the Institutional Division of the Texas Department

of Criminal Justice, probated for five years of community supervision. Garcia-Sanchez filed a motion for new trial, which was overruled as a matter of law. This appeal ensued.

## II. LEGAL SUFFICIENCY

In his sole issue, Garcia-Sanchez argues that the evidence is legally insufficient to sustain his conviction.

## A. Standard of Review and Applicable Law

In criminal cases, we review whether sufficient evidence supports a conviction by considering all of the evidence introduced at trial in the light most favorable to the verdict and deciding whether any rational trier of fact could have found the State proved all of the essential elements of the offense beyond a reasonable doubt. *McKay v. State*, 474 S.W.3d 266, 269 (Tex. Crim. App. 2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard tasks the factfinder, the jury in this case, with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from it. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Our role on appeal is limited to determining whether the necessary inferences drawn by the jury are reasonable based upon the cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* If the record supports conflicting inferences, we presume that the jury resolved the conflict in favor of its verdict and defer to that determination. *Id.* at 448–49; *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014).

We measure the sufficiency of the evidence against the essential elements of the offense defined by the hypothetically correct jury charge for the case. *Anderson v. State*, 416 S.W.3d 884, 889 (Tex. Crim. App. 2013). The hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not

4

unnecessarily increase the State's burden of proof or unnecessarily restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct jury charge for this case required the State to prove that Garcia-Sanchez: (1) knowing that an investigation was pending or in progress; (2) intentionally or knowingly; (3) concealed a handgun; (4) with intent to impair its availability as evidence in the investigation. *See* TEX. PENAL CODE ANN. § 37.09(a)(1).

## B. Discussion

Garcia-Sanchez argues that the evidence "failed to show beyond a reasonable doubt that the gun admitted was the gun seen in the video and that the gun was intended to be concealed." However, for purposes of this sufficiency analysis, the State was not obligated to prove that the gun produced at trial was the specific gun that Garcia-Sanchez hid among the cones. The State just needed to prove beyond a reasonable doubt that Garcia-Sanchez, while knowing that an investigation was in progress, intentionally or knowingly concealed a gun with the intent to impair its availability as evidence in the investigation. *See id.* However, even assuming the State needed to prove that it was the same gun, the video surveillance showed that Garcia-Sanchez hid the gun between the cone and that a gun fell out of the cones from that same vehicle three days later. Furthermore, Bolan testified that the gun in the surveillance footage and the gun found by Officer Rounds were of the same model, same color, same magazine, same ammo, and same serial number.

Garcia-Sanchez stipulated as to the first element; he admitted that he knew an investigation was in progress. Concerning the second, third, and forth elements, video

5

surveillance clearly showed Garcia-Sanchez placing a gun between two safety cones in the back of a police car. Officer Gabrielson used that same police car to control traffic on the street. Officer Rounds saw the gun fall out of the cones that were stored in Officer Gabrielson's vehicle. Conceal is defined as "to hide or keep from observation, discovery, or understanding; keep secret." *See Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex. App.—Austin 2000, no pet.). Furthermore, "[i]t is both a common-sense inference and an appellate presumption that a person intends the natural consequences of his acts." *Ex parte Thompson*, 179 S.W.3d 549, 556 n.18 (Tex. Crim. App. 2005). Therefore, it was reasonable for the jury to infer that Garcia-Sanchez intentionally concealed the gun. *See Murray*, 457 S.W.3d at 448.

Without much elaboration, Garcia-Sanchez argues that he did not conceal the gun because the act of him hiding the gun amongst the cones was recorded by the police car surveillance camera. In other words, his argument appears to be that he did not truly hide the gun from view because the video surveillance saw where he placed the gun. However, the reviewing court is not permitted to disregard, realign, or weigh the evidence. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). As stated above, our role on appeal is limited to determining whether the necessary inferences drawn by the jury are reasonable based upon the cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Murray*, 457 S.W.3d at 448. The evidence at trial showed that Garcia-Sanchez placed the gun between the cones in the car and that the gun was not discovered until it fell out of the cones three days later. The jury had a sound basis to conclude that Garcia-Sanchez knowingly concealed the gun and that he did so

6

with the intent of impairing the gun's availability as evidence in the on-going investigation. *See id.*; *Hollingsworth*, 15 S.W.3d at 595.

In conclusion, viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to prove beyond a reasonable doubt that Garcia-Sanchez, while aware of an on-going investigation, intentionally concealed a gun with the intent of impairing its availability as evidence in the investigation. *See McKay*, 474 S.W.3d at 269. We overrule Garcia-Sanchez's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2018.